# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC HAWKINS, | ) | 1:09-cv-1905 AWI GSA |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION TO REMAND |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | (Document 11) |
| and DOES 1 through 25, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

On November 24, 2009, Eric Hawkins ("Plaintiff") filed the instant Motion to Remand. (Docs. 11 and 12). Federal Express Corporation ("Defendant" or "FedEx") filed an Opposition on February 1, 2010. (Docs. 18 and 19). Plaintiff filed a Reply on February 1, 2010. (Doc. 22). The Court reviewed the pleadings and determined that this matter was suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for February 12, 2010 at 9:30 am was vacated. Having considered all written materials submitted, the Court recommends that Plaintiff's Motion to Remand be DENIED.[1]

---

[1] Some Circuit Courts of Appeals have held that motions to remand are dispositive and thus deprive a magistrate judge of jurisdiction. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum. *Williams v. Beemiller, Inc.*, 527 F. 3d 259, 264-266 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-17 (6th Cir.2001) (noting a lack of decisions from other circuits); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir.2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir.1998); *See also*, *Hood Custom Homes v. Illinois National Insurance Co.*, 2009 U.S. Dist. Lexis 46389 (D. Oregon May 26, 2009). The Ninth Circuit has not taken a position on this issue. Some district courts have held that a motion to remand is not dispositive and thus may be determined by a magistrate judge. *See Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1419 n. 1 (D.Nev.1995). Since the present motion involves a

**PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendant in the Fresno County Superior Court of California, Case No. 09CECG03415, on September 28, 2009. (Doc. 1, Notice of Removal at Exhibit C ). Defendant was served with the complaint on September 29, 2009. (Doc. 1, Notice of Removal at Exhibit B). Defendant filed an answer to the complaint on October 29, 2009. (Doc. 2, Notice of Removal at Exhibit E). Defendant removed this action to this Court pursuant to 28 U.S.C. § 1446(b) on October 29, 2009 based on diversity jurisdiction contending that: 1) it is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the Tennessee, 2) Plaintiff is a resident of California, and 3) the amount in controversy exceeds $75,000. (Doc. 1).

Plaintiff filed the instant Motion for Remand on November 24, 2009, arguing that FedEx failed to provide admissible evidence to support diversity jurisdiction at the time the Notice or Removal was filed. Plaintiff argues that the declarations attached to the Notice of Removal were stale because they were prepared three years ago and they are inadmissible hearsay. In its Opposition, Defendant argues that the Notice of Removal was sufficient to establish diversity and Plaintiff's evidentiary objections are misplaced. FedEx also filed supplemental declarations. In his Reply, Plaintiff argues that the new evidence is untimely and is not properly submitted.

**FACTUAL BACKGROUND**

The complaint alleges that Plaintiff commenced employment with FedEx from 1992 until July 15, 2008. Plaintiff alleges that he was terminated without justifiable cause after he made complaints to the Human Resources Department about discrimination and a hostile work environment. Plaintiff contends that FedEx retaliated against him for objecting to discrimination and harassment.

Specifically, Plaintiff alleges that Defendant did not provide him with reasonable accommodation and promoted similarly situated non-disabled employees or females to better employment positions than Plaintiff. Plaintiff alleges that he reported this disparate treatment from Defendant's supervisors and managers and insisted that he be treated equally as similarly

---

determination of the availability of a federal forum, the court will proceed by way of findings and recommendations.

situated employees.  However, Defendant did nothing to correct or prevent the discrimination. Plaintiff contends that the discrimination and harassment resulted in a loss of tangible job benefits, arbitrary and punitive job assignments, as well as created a pervasive hostile working environment.  Plaintiff alleges that after he made the complaints, Defendant failed to provide him with a workplace free from discrimination, failed to respond or investigate the complaints of discrimination, failed to take remedial action against the supervisors who engaged in the discrimination, and failed to have an effective policy to prevent discrimination against Plaintiff. Plaintiff was subsequently terminated on July 15, 2008.

Based on the above, Plaintiff alleges several causes of action under the California Government Code § 12940 *et seq* (the California Fair Employment and Housing Act) for disability discrimination, sex/gender discrimination, failure to engage in interactive process, failure to prevent harassment, and retaliation. Plaintiff also alleges a claim for termination in violation of public policy.  Plaintiff is seeking general damages for pain and suffering including emotional and mental distress damages; past and future lost wages and other employment related benefits; special damages according to proof; interest for losses occurred in earnings, deferred compensation, and other employee benefits at the prevailing wage; prejudgment interest; consequential damages; punitive damages; and attorney's fees and costs.

## DISCUSSION

### A.    *Removal Jurisdiction*

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). This case was removed based on diversity jurisdiction, which  provides as follows :

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
> 28 U.S.C. § 1441(b)

///

**B.** *Diversity of Citizenship*

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
> (1) citizens of different States . . .

Under 28 U.S.C. § 1332(a)(1), there is diversity of citizenship if the plaintiff is a "citizen" of a different state than all of the defendants. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Sweeney v. Westvaco Co.*, 926 F.2d 29, 32-33, 41 (1st Cir. 1991). "Citizenship" in a state is the equivalent of "domicile." *Lundquist*, 946 F.2d at 10; *Valedon Martinez v. Hospital Presbiteriano del la Comunidad, Inc.*, 806 F.2d 1128, 1132 (1st Cir. 1986).

**C.** *Tests For Corporate Citizenship*

*Place Of Operations*

A corporation is a citizen of the state in which it is incorporated and the state that is its principal place of business. *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041, 1042 (N.D. Cal. 2001); *see* 28 U.S.C. § 1332(c)(1). Federal courts primarily use the "place of operations test" to determine a corporation's "'principal place of business,' i.e., its place of corporate citizenship." *Ghaderi*, 136 F.Supp.2d at 1044. The "place of operations" test "locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'" *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (quoting *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)). A state that "substantially predominates" is a corporation's principal place of business. *Ghaderi*, 136 F.Supp.2d at 1044.

"[D]etermining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states." *Tosco*, 236 F.3d at 500. "Thus, 'substantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business

4

activity in one state be significantly larger than any other state in which the corporation conducts business." *Tosco*, 236 F.3d at 500.

Factors to determine whether a state has substantial predominance of corporate activity include the location of: (1) employees; (2) tangible property; (3) production activities; (4) sources of income; and (5) where sales and purchases take place. *Tosco*, 236 F.3d at 500; *Industrial Tectonics*, 912 F.2d at 1094. A "corporation usually has its greatest contacts with the public where it conducts most of its business, rather than where internal policy decisions are made." *Industrial Tectonics*, 912 F.2d at 1094. "This local contact alleviates problems with local prejudice against outsiders and justifies consideration of the corporation as a citizen of that state." *Industrial Tectonics*, 912 F.2d at 1094. "Thus, the principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders." *Industrial Tectonics*, 912 F.2d at 1094.

*Nerve Center Test*

If no state contains a "substantial predominance" of a corporation's operations, courts utilize the alternative "nerve center" test "which locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Davis v. HSBC Bank Nevada, N.A., 557 F. 3d 1026, 1028-1029* (9th Cir. 2009). When a corporation has operations spread across many states, the nerve center test is usually the correct approach. *Davis v. HSBC Bank Nevada*, 557 F. 3d 1029. "A nationwide retailer with operations spread across may states will be a citizen of California only when a substantial predominance of its activities are located in California; it will not be a citizen of California merely because its operations in California cater to California's larger population." *Davis v. HSBC Bank Nevada*, 557 F. 3d at 1030.

**D.   Plaintiff's Motion to Remand**

Plaintiff has not raised an issue with the underlying merits of the statements contained within FexEx's removal papers. For example, Plaintiff does not argue that FedEx has not established diversity jurisdiction under the applicable Ninth Circuit tests, nor does he argue that

the amount in controversy does not exceed $75,000.[2] Instead, Plaintiff argues that FedEx had not established diversity jurisdiction at the time the Notice of Removal was filed based on evidentiary objections. Specifically, he argues that several of the declarations submitted with the Notice of Removal are hearsay because the affidavits were not submitted for use in this case and that they were not based on personal knowledge. [3] Plaintiff also argues that the declarations were stale as they were prepared in 2006.

The Notice of Removal contains one declaration that was prepared by Mireya Llaurado, Esq. which is dated October 29, 2009, in which she represents that based on her personal knowledge, FedEx is incorporated in the State of Delaware. (Doc. 5). She also indicates that FedEx's principal place of business is Tennessee and she lists a number of factors upon which she bases this conclusion. Attached to her declaration are several other declarations that appear to have been submitted in another court proceeding in 2006. Plaintiff argues that Ms. Llaurado's declaration is inadmissible and cites to [International Ins. Co. v. Caja Nacional De Ahorroy Seguro, 293 F. 3d 392, 398-399 (7th Cir. 2002)](#) in support of his position. However, Plaintiff's reliance on this case is misplaced as *International Ins. Co.* dealt with declarations in the context of establishing that a party is a foreign instrumentality which is not an issue in the instant case. Here, Ms. Llaurado's declaration was prepared for this case under penalty of perjury and indicates that her statements are based on personal knowledge. The attached declarations appear to have been submitted to supplement her statement.

Notwithstanding the above, the supporting declarations submitted by Defendant in the initial Notice of Removal are arguably stale as they are dated 2006. However, FedEx has submitted updated declarations demonstrating that at the time the Notice of Removal was filed, Defendant's place of business was in the State of Tennessee as evidenced by the fact that more FedEx workers are employed there, Tennessee is the location of more Fed Ex owned facilities

---

[2] Defendant submitted a declaration from Harry Saurer, Manager of FedEx's Human Capital Management Program (HCMP) dated October 27, 2009 demonstrating that the amount in controversy is expected to exceed $75,000. (Doc. 4). Plaintiff has not contested this issue.

[3] Plaintiff contests the declarations of Mireya Llaurado (Doc. 5) and the declarations of Amanda Adams, Allen Burgess, Donald Colvin, Lady Smith-Swift, Flynn Wallace, David Leach, Richard McConnell, Robert Mulinet (which Plaintiff identifies as Malinias) and Kathryn Young. (Doc. 5, Exhibits A-I)

than in California or elsewhere, more FedEx vessels are located in Tennessee, more packages are sorted in Tennessee, FedEx Air Operations is headquartered in Tennessee, and Tennessee is the home of FedEx's World Headquarters and principal corporate officers serving the United States markets. *See*, Declarations of Lisa Jackson, John Sahm, Kelly Romito, Tom Kosniewski, and Thomas Wittman attached to Defendant's Opposition at Exhibits A, B, C and D. (Doc. 19). Given that there has been no meaningful challenge to the substance of the declarations, the Court is satisfied that corporate citizenship is met under both the nerve center and the place of operations tests.[4]

In his Reply, Plaintiff objects to the submission of the supplemental declarations on the basis that once defects in the Notice of Removal have been noted, Defendant is not allowed to cure those defects. However, Plaintiff does not supply one legal citation in support of his position in his reply. It is noted that in the motion to remand Plaintiff cites to *Sanchez v. Monumental Life,* 102 F. 3d 398, 404-406 (9th Cir. 1996) for the premise that evidence must be submitted in the Notice of Removal itself. However, *Sanchez* does not stand for this premise.[5] To the contrary, Ninth Circuit law indicates that in some cases additional evidence may be gathered through discovery even after a Notice of Removal has been filed in order to establish that jurisdiction is proper. *See*, *Abrego Abrego v. The Dow Chemical Corporation*, 443 F. 3d 676, 691-692 (9th Cir. 2006) (Recognizing that discovery may be completed but is not required to determine a jurisdictional amount prior to remand); *See also*, *Singer v. State Farm*, 116 F. 3d 373, 377-378 (9th Cir. 1997) (a district court may require parties to submit additional summary-judgment-type evidence to establish the amount in controversy).

The Court recognizes that the removal statute should be strictly construed in favor of remand and against removal. *Ducan v. Stuetzl*, 76 F. 3d 1480, 1485 (9th Cir. 1996); *Gaus v.*

---

[4] Here, FedEx provides door-to-door delivery services to thousands of destinations in the United States and has operations in several states. It appears no state contains a "substantial predominance" of the corporations operations and that the nerve test would be the best approach to determine corporate citizenship, however, the Court addresses both of the tests.

[5] In *Sanchez*, the Court held that where a state court complaint does not specify a specific amount of damages, the removing defendant bears the burden of establishing the jurisdictional amount in controversy by a preponderance of evidence. *Sanchez*, 102 F. 3d at 404. The Court in *Sanchez* does not indicate when the evidence must be submitted.

7

*Miles,* 980 F. 2d 564 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). However, Defendant has submitted supplemental declarations establishing diversity jurisdiction. Therefore, the Court finds that removal is proper.

**RECOMMENDATION**

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion to Remand be DENIED. This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)*.

IT IS SO ORDERED.

Dated: **February 16, 2010**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE